COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, Chafin and Senior Judge Annunziata

NICKEY DANIEL HATCHER

MEMORANDUM OPINION[*]

v.      Record No. 0470-12-3                                 PER CURIAM
                                                            OCTOBER 9, 2012

BRISTOL, VIRGINIA DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
Larry B. Kirksey, Judge

(Timothy A. Boyer; Ward & Rasnic, P.C., on brief), for appellant.

(Edward G. Stout; John B. Coleman, Guardian *ad litem* for the minor
child; Curcio Stout & Pomrenke; Coleman, Pratt & Johnson PC, on
brief), for appellee.


       Nickey Daniel Hatcher (father) appeals an order terminating his parental rights to his child.

Father argues that the trial court erred in finding that the evidence was insufficient to show (1) that

he failed to maintain contact with the child or failed to plan for the child's future for a period of six

months after the child was placed in foster care under Code § 16.1-283(C)(1), and (2) that he has

been unwilling or unable to remedy substantially the conditions which led to the removal within a

period of twelve months under Code § 16.1-283(C)(2). Father also contends the trial court abused

its discretion in granting the motion to reconsider filed by the Bristol, Virginia Department of Social

Services (the Department) because the Department failed to assert termination under Code

§ 16.1-283(B) at trial. Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See

Rule 5A:27.

-----

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Father and Haley Jones (mother) are the parents of the child who is the subject of this appeal. Since March 2007, the Department had been involved with the family.[1] Between 2007 and 2010, the Department removed the child from the home "on several occasions." During that same time period, the Department "provided ongoing CPS services," individual counseling, and homemaker services. The Department also attempted to provide parenting classes. The Department provided the children with early intervention services and speech and hearing services.

On July 31, 2010, the Department removed the child from the parents' home because father and mother were arrested for manufacturing methamphetamine. Appellant entered an Alford plea for manufacturing methamphetamine and possession of precursors to manufacture methamphetamine. The court sentenced appellant to twenty-five years in prison, with eighteen years suspended.

Appellant admitted to the social worker that he used illicit drugs, including cocaine, crack, methamphetamine, Suboxone, and pain pills. He also informed the social worker that he had a heart attack in October 2008 because of drug use.

When questioned about domestic violence in the home, appellant admitted that he and mother were violent toward one another and that the child witnessed some of their fights.

---

[1] There were three children in the home between 2007 and 2010. Only one child, N.H., is the subject of this appeal.

After being unable to identify any relatives who could care for the child, the Department sought to terminate the parents' parental rights. On August 22, 2011, the City of Bristol Juvenile and Domestic Relations District Court terminated their parental rights. Both mother and father appealed to the trial court.

On February 10, 2012, the trial court heard evidence and argument from the parties. In addition to the evidence about the parents' situation, the trial court heard that since September 2010, the child had been placed with the same foster family. The child's behavior had improved since he had been in foster care. The child had been in counseling since September 2010 and will continue to need counseling in the future. At the conclusion of the hearing, the trial court issued a ruling from the bench and held that the parents' parental rights should be terminated pursuant to Code § 16.1-283(C)(1) and (C)(2).

On February 17, 2012, the trial court entered an order terminating father's parental rights pursuant to Code § 16.1-283(C)(1) and (C)(2).[2]

On February 28, 2012, father filed a motion to reconsider and argued that the Department did not prove its case under Code § 16.1-283(C)(1) or (C)(2). On March 1, 2012, the trial court issued a letter opinion denying father's motion to reconsider and directed counsel to prepare an order.

On March 2, 2012, the Department filed a motion to reconsider and asked the trial court to terminate parental rights under Code § 16.1-283(B), in addition to Code § 16.1-283(C)(1) and (C)(2). On March 5, 2012, the trial court issued a letter opinion granting the Department's motion to reconsider and directed counsel to prepare an order.

On March 14, 2012, the trial court entered an order denying father's motion to reconsider and granting the Department's motion to reconsider. The March 14, 2012 order stated that the

---

[2] The trial court also entered an order terminating mother's parental rights.

parents' parental rights were terminated pursuant to Code § 16.1-283(B), (C)(1), and (C)(2). However, neither party obtained an order to stay the February 17, 2012 order, which became final on March 9, 2012. Rule 1:1. Therefore, the trial court did not have jurisdiction to issue the March 14, 2012 order because it was entered more than twenty-one days after the entry of the February 17, 2012 order.[3] Accordingly, we consider the case on the record prior to the entry of the February 17, 2012 order, the February 17, 2012 order, and the exceptions noted on that order.

## ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

### Termination under Code § 16.1-283(C)(1)

Father argues that the trial court erred in finding that the evidence was sufficient to terminate his parental rights under Code § 16.1-283(C)(1).

Code § 16.1-283(C)(1) states a parent's parental rights may be terminated if:

> [t]he parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents

---

[3] Since the trial court did not have jurisdiction to enter the March 14, 2012 order, we will not consider father's third assignment of error, in which father argues that the trial court abused its discretion in granting the Department's motion to reconsider since the Department did not assert termination under Code § 16.1-283(B) at trial. The issue is moot. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (holding that "mootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'" (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969))).

and to strengthen the parent-child relationship. Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition.

Father argues that his incarceration and the Department's failure to facilitate communication and visitation were the reasons why father did not maintain contact with the child.

> While long-term incarceration does not, per se, authorize termination of parental rights . . . it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the children will be served by termination.

Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

Father contends the Department failed to encourage and foster a relationship between father and the child after his incarceration in July 2010. Father asserts that he told the Department that he wanted to see his child and wrote a letter to the child. The Department considered allowing visitation between father and the child while father was incarcerated, but the child's counselor expressed concerns about the visitation and did not think it was in the child's best interests. The trial court heard evidence of the domestic violence between father and mother, which was witnessed by the child. The trial court also heard evidence that the child was afraid of the father. The child's counselor testified that she did not recommend visitation because the child "had a lot of fear and anger towards his father" and was working on "anxiety issues and anger issues."

"'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)).

The trial court did not err in finding that the evidence was sufficient to terminate father's parental rights under Code § 16.1-283(C)(1).

Termination under Code § 16.1-283(C)(2)

Father argues that the trial court erred in finding the evidence was sufficient to terminate his parental rights under Code § 16.1-283(C)(2).

A court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2).

Father contends the Department failed to offer him any services after his incarceration. He maintains that he could not remedy the conditions that led to or required the child's foster care placement because he was not offered any services.

> [W]e find no merit in [father's] contention on appeal that Code § 16.1-283(C)(2) required the Department to offer him services during his incarceration. It would be patently unreasonable to require the Department, under such circumstances, to continue to offer services. . . . Thus as long as he was incarcerated, the Department would have had no avenue available to offer [father] services aimed at assisting him in regaining custody of the child.

Harrison v. Tazewell Cnty. Dep't of Soc. Servs., 42 Va. App. 149, 163-64, 590 S.E.2d 575, 583 (2004).

Although the Department did not offer father services while he was incarcerated, the Department previously offered services to the family because it had been involved with them since 2007. The social worker testified that services were provided to the family in the past and that those services included individual counseling, homemaker services, early intervention

- 6 -

services for the children, and speech and hearing services for the children.  The Department also offered parenting classes.  The trial court noted that the Department's services had been "unsuccessful, neither parent having been remarkable in their efforts to comply with those services based on the evidence."

There was evidence that the child needed permanency and that father was unable to provide it at any time in the near future.  "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities."  Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, the trial court did not err in terminating father's parental rights under Code § 16.1-283(C)(2).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.